UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**GLENN RAYMOND DEAN**                                                        **PLAINTIFF**

**v.**                                      **CIVIL ACTION NO. 3:09CV-P244-S**

**LOUISVILLE METRO POLICE DEPT. et al.**                        **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff, Glenn Raymond Dean, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed in part and allowed to proceed in part.

**I. SUMMARY OF CLAIMS**

Plaintiff sues in their individual and official capacities Louisville Metro Police Detective Carl L. Payne and William Wilson; Ryan D. Reynolds; Carrie Mroskey Marchegion; WLKY News Channel 32; ATF agents Todd Tremain and John Black; the Mayor of Louisville; and Louisville Metro Police Chief Robert White. He states that on January 9, 2008, Defendants Tremain, Black, Payne, and Wilson violated his constitutional rights by conducting an illegal stop of his car and violated the Kentucky Constitution by falsely reporting that he had committed a traffic violation by turning right on a red light. He further states that those Defendants violated his constitutional rights by reporting to the media that he had pleaded guilty as an attempt to prejudice him and that the media did not print a retraction. He further states that Defendants falsely told state's witnesses that Plaintiff had admitted his guilt. He also states that Defendants' actions were done, in part, because he is a black male. As relief, Plaintiff wants monetary and punitive damages of $1,000,000 each against each Defendant.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**Defendants Reynolds, Marchegion, Mayor of Louisville, and Chief Police White**

The complaint contains no allegations against these particular Defendants. Plaintiff states absolutely no facts regarding personal involvement by any of these Defendants. Some factual basis for a plaintiff's claims must be set forth in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The specific facts must explain how the defendant is personally responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). Plaintiff's complaint fails to do so with regard to these Defendants. As such, these Defendants must be dismissed for Plaintiff's failure to state a claim against them. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional

deprivation).

**Claims against WLKY News Channel 32 for not printing retraction**

Plaintiff's claims against a private media defendant are not cognizable in a § 1983 suit. *See Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922, 924, 928-32 (1982); *see also Johnson v. Lufkin Daily News*, No. 02-40420, 2002 WL 31115132, at *1 (5th Cir. Sept. 17, 2002) (per curiam). Only if the alleged infringement of federal rights is fairly attributable to the state may private persons be held to be state actors. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). The Supreme Court has articulated three tests for determining who are state actors. These three tests are: (1) the nexus test or symbiotic relationship test, *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721-26 (1961); (2) the public function test, *West v. Atkins*, 487 U.S.42, 49-50 (1988); *Flagg Bros.* v. *Brooks*, 436 U.S. 149, 157 (1978); and (3) the state compulsion test, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 170 (1970). *See Lugar*, 457 U.S. at 936-39 (for a discussion of the tests); *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992) (same).

There is absolutely no suggestion in the complaint that WLKY News Channel 32 is a state actor under any of these tests. *See Brunette v. Humane Society of Ventura County*, 294 F.3d 1205 (9th Cir. 2002). Plaintiff's claim against WLKY News Channel 32 will be dismissed for failure to state a claim.

**Official-capacity claims regarding stop of his car and false reports of his guilt**

Plaintiff alleges that Defendants Tremain, Black, Payne, and Wilson violated his constitutional rights by conducting an illegal stop of his car. Plaintiff also claims that these Defendants, in an effort to prejudice his case, falsely reported to the media and to the State's witnesses that he had admitted his guilt. He sues these Defendants in their individual and

official capacities.

If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, Plaintiff's claims against Defendants Payne and Wilson, who are employees of Louisville, in their official capacities are actually brought against the Louisville Metro government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, like the Louisville Metro government, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is

a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy."  *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983."  *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

The incidents alleged in the complaint appear to be one-time occurrences.  *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible.").  Plaintiff does not allege that there was a policy of the Louisville Metro government of conducting illegal stops or of falsely reporting to the media or State witnesses that a suspect had admitted his guilt.  The Court will dismiss these claims against Defendants Payne and Wilson in their official capacities for failure to state a claim.

Plaintiff's official-capacity claims against Defendants Tremain and Black, who are ATF agents, also must be dismissed.  A *Bivens* claim is a judicially created counterpart to a 42 U.S.C. § 1983 civil rights action and is properly brought only against federal officials, who have allegedly denied a plaintiff's constitutional rights, in their individual capacities.  *Bivens v. Six*

5

*Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390-97 (1971); *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself"). "[A] *Bivens* claim [for damages] may not be asserted against a federal officer in his official capacity." *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991). Therefore, the Court will dismiss the official-capacity claims against Defendants Tremain and Black.

The Court will allow Plaintiff's claims regarding the stop and reporting his guilt to go forward against Defendants Payne, Wilson, Tremain, and Black in their individual capacities.

### III. CONCLUSION

For the foregoing reasons, by separate Order, the Court will dismiss Plaintiff's claims against Defendants Tremain, Black, Payne, and Wilson in their official capacities and all claims against Ryan D. Reynolds, Carrie Mroskey Marchegion, WLKY News Channel 32, the Mayor of Louisville, and Louisville Metro Police Chief Robert White for failure to state a claim. The Court will allow Plaintiff's individual-capacity claims against Defendants Tremain, Black, Payne, and Wilson regarding the stop of his car and false reports to proceed.

Date:

cc: Plaintiff, *pro se*
      Defendants
      Jefferson County Attorney
4411.009