UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

GLENN RAYMOND DEAN                                                                    PLAINTIFF

v.                                                  CIVIL ACTION NO. 3:09CV-P244-S

LOUISVILLE METRO POLICE DEPT. et al.                       DEFENDANTS

## MEMORANDUM OPINION

Defendants John Black and Todd Tremaine have filed a motion to dismiss or in the alternative a motion for summary judgment (DN 38). Plaintiff has responded (DN 42), and Defendants have replied (DN 46). The matter being ripe, the Court will grant the motion for the following reasons.

### I. FACTS

According to Plaintiff's complaint, Defendants subjected him to an illegal stop of his vehicle on January 9, 2008. Plaintiff further states that he was later indicted under number 08-CR-1743, which was later dismissed. His complaint asserts that Defendants violated his Fourth Amendment and state-law rights to be free from an illegal search and seizure. He also asserts that Defendants violated his Sixth and Fourteenth Amendment rights by giving false evidence to the local media and to the state's witnesses. He further alleges that the intentional violation of his rights was in part brought on because he is an African American male.

### II. ANALYSIS

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The Court has considered Defendants' motion as one to dismiss. The only attachments to Defendants' motion were the statements of Defendants, and

those statements were not relied on in deciding the instant motion.

Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss for failure to state a claim upon which relief can be granted. In deciding a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, accepting all of the plaintiff's allegations as true. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). Further, "the allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

***Statute of limitations***

Defendants argue that their motion to dismiss should be granted because Plaintiff's claims are time-barred as he did not file his complaint until April 2, 2009. Actually, Plaintiff certified that he deposited with prison authorities for mailing his complaint on April 1, 2009, and the Court will consider the complaint filed as of that date per the "mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988); *Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002).

Plaintiff states in his response to Defendants' motion that he was wrongfully arrested on January 9, 2008, Defendants made false statements to the television news on or about January 22, 2008, and they submitted false evidence shortly thereafter. Thus, under Plaintiff's own version of the facts, all of his alleged injuries occurred more than one year before he filed suit. Plaintiff offers the following arguments that his claims are not time-barred: (1) that the four-year statute of limitations under 28 U.S.C. § 1658 applies; (2) that even if the one-year statute of limitations applies, he has suffered continuous injury; and (3) that he did not know of the

2

damage or prejudice he had sustained until April 2008 because he was not informed as to the false evidence given to the victim until that time.

Plaintiff's reference to the four-year limitations period in 28 U.S.C. § 1658 is inapposite. Because Defendants Black and Tremaine are federal, not state, agents, Plaintiff's suit against them is brought under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). A *Bivens* claim is a judicially created counterpart to a 42 U.S.C. § 1983 civil rights action and is properly brought only against federal officials, who have allegedly denied a plaintiff's constitutional rights, in their individual capacities. *Id.* at 390-97. The applicable statute of limitations for a *Bivens* action arising in the Commonwealth of Kentucky is one year. *See McSurely v. Hutchison*, 823 F.2d 1002, 1004-06 (6th Cir. 1987).

Section 1658 provides for a four-year limitations period in the following way: "Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues." § 1658(a). Because a *Bivens* claim is a judicially created remedy for violations by federal officials, it does not arise under an Act of Congress, and § 1658 does not apply. *Kurinsky v. United States*, 33 F.3d 594, 599 (6th Cir. 1994), *abrogated on other grounds*, *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214 (2008).

Plaintiff's argument that his claims are not time-barred because he is still being injured by Defendants' actions also is unavailing. The continuing-violation doctrine applies if: (1) the defendant's wrongful conduct continues after the precipitating event that began the pattern; (2) injury to the plaintiff continues to accrue after that event; and (3) further injury to the plaintiff was avoidable if the defendant had at any time ceased its wrongful conduct. *Tolbert v.*

3

*State of Ohio Dep't of Transp.*, 172 F.3d 934, 940 (6th Cir. 1999). The continuing-violation doctrine typically arises in the context of employment-discrimination cases and is rarely extended to § 1983-type claims. *Sharpe v. Cureton*, 319 F.3d 259, 267 (6th Cir. 2003).

Here, it is the illegal search that triggered Plaintiff's claim, "even though the effects of those police actions may have continued into the future." *Stanley v. Malone*, No. 2:07-CV-694, 2009 WL 485491, at *7 (S.D. Ohio Feb. 26, 2009). Thus, the continuing-violation doctrine is not applicable.

Finally, Plaintiff asserts that he could not have known of the injury prior to April 2008 "because he was not informed as to the false allegations nor the false irreversible evidence given to the victim; because Plaintiff was incarcerated on a unrelated case at the time; which makes the claim timely even if the One year statute did apply." As Defendants accurately note, incarceration does not toll the limitations period. *Fields v. Louisville/Jefferson County Metro Government*, Civil Action No. 3:07-CV-134-S, 2007 WL 4224216, at *5 (W.D. Ky. Nov. 27, 2007) ("Fields' incarceration did not operate to toll the statute of limitations."). Thus, the Court finds that Plaintiff's claims against Defendants Black and Tremaine are time-barred.

*Heck bar*

In their motion, Defendants Black and Tremaine also argue, among other things, that Plaintiff's suit against them is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because the only litigation relevant to this case is the underlying federal criminal case, No. 3:08-CR-19-S, to which Plaintiff pleaded guilty and is currently serving 15 years in prison.

The criminal complaint filed by Defendant Tremaine in that action alleged that on January 9, 2008, Plaintiff had committed the crime of being a felon in possession of a firearm.

4

The plea agreement in that federal criminal case, *United States v. Dean*, Criminal Action No. 3:08-CR-19-S, stated in pertinent part: "The parties agree to the following factual basis for this plea: On or about January 9, 2008, Louisville Metro Police detectives and agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives stopped a vehicle Dean was driving. Dean got out of the vehicle and ran from the officers and agents. As he was running, he threw down a [firearm which had traveled in interstate commerce and at the time Plaintiff had been convicted of crime punishable by more than one year in prison]."[1]

The *Heck* Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87 (footnote omitted).

While *Heck* concerned an action brought under 42 U.S.C. § 1983, the Sixth Circuit has held that the *Heck* holding applies equally to an action brought under *Bivens*. *Robinson v. Jones*, 142 F.3d 905, 906-07 (6th Cir. 1998). Thus, whether or not a state court case against Plaintiff was dismissed, as Plaintiff claims in his complaint, the federal conviction of him arising out of the arrest of him and statements about him by Defendants has not been reversed on direct appeal,

---

[1] The examination of this public record does not convert the motion to dismiss into one for summary judgment. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) ("When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein.").

expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by an issuance of a writ of habeas corpus. Therefore, in addition to his claims being time-barred, Plaintiff's complaint fails to state a claim for which relief may be granted because his action is not cognizable under *Heck*.

### III. CONCLUSION

For the foregoing reasons, by separate Order, Defendants' motion to dismiss will be granted.

Date:

cc: Plaintiff, *pro se*
    Counsel of record
4411.009