UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

GLENN RAYMOND DEAN         PLAINTIFF

v.         CIVIL ACTION NO. 3:09CV-P244-S

LOUISVILLE METRO POLICE DEPT. et al.         DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Defendants Carl Payne and William Wilson have filed a motion to dismiss or in the alternative a motion for summary judgment (DN 45). Plaintiff has filed a "Motion for Summary Judgment" (DN 47), arguing that Defendants are in default for not timely responding to the complaint. For the following reasons, the Court will deny Plaintiff's motion and will grant Defendants' motion.

**I.    Plaintiff's "Motion for Summary Judgment"**

Plaintiff argues in this motion that Defendants Payne and Wilson signed a waiver of service of summons and that according to that waiver they had 60 days from May 14, 2010, to respond or a default judgment would be entered against them. Plaintiff argues that summary judgment should therefore be entered in his favor because as of July 15, 2010, Plaintiff had not received a response from Defendants. Actually, Defendants Payne and Wilson timely filed their motion to dismiss on July 12, 2010, within the appropriate 60-day period. Consequently, Plaintiff's motion (DN 47) is **DENIED**.

**II.   Defendants' Motion**

   *A.    Facts*

Plaintiff, proceeding *pro se* and *in forma pauperis*, sued Louisville Metro Police Detectives Carl L. Payne and William Wilson; Ryan D. Reynolds; Carrie Mroskey Marchegion;

WLKY News Channel 32; ATF agents Todd Tremain and John Black; the Mayor of Louisville; and Louisville Metro Police Chief Robert White. On initial review, the Court dismissed all of the claims except Plaintiff's individual-capacity claims against Defendants Tremain, Black, Payne, and Wilson regarding the stop of his car and false reports. The federal Defendants, Tremain and Black, filed a motion for summary judgment, which the Court has granted. The only two remaining Defendants in this case are Payne and Wilson.

According to Plaintiff's complaint, Defendants subjected him to an illegal stop of his vehicle on January 9, 2008. Plaintiff further states that he was later indicted under number 08-CR-1743, which was later dismissed. His complaint asserts that Defendants violated his Fourth Amendment and state-law rights to be free from an illegal search and seizure. He also asserts that Defendants violated his Sixth and Fourteenth Amendment rights by giving false evidence to the local media and to the state's witnesses. He further alleges that the intentional violation of his rights was in part brought on because he is an African American male.

B.   *Analysis*

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. " Fed. R. Civ. P. 12(d). Defendants' motion had no attachments, and the Court has considered Defendants' motion as one to dismiss. Although the Court has considered public records from Plaintiff's federal criminal case, doing so does not convert the motion to dismiss into one for summary judgment. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) ("When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the

case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein.").

Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss for failure to state a claim upon which relief can be granted. In deciding a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, accepting all of the plaintiff's allegations as true. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). Further, "the allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

 *1. Statute of limitations*

Defendants argue that their motion to dismiss should be granted because Plaintiff's claims are barred by the one-year statute of limitations.

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985). Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in KY. REV. STAT. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 183.

Plaintiff's complaint was filed on April 1, 2009, per the "mailbox rule." *Houston v.*

3

*Lack*, 487 U.S. 266 (1988); *Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002). The federal Defendants also filed a motion to dismiss and in the alternative for summary judgment based in part on the one-year time bar. It was clear from Plaintiff's response to that summary-judgment motion that he alleges that he was wrongfully arrested on January 9, 2008, that Defendants made false statements to the television news on or about January 22, 2008, and that they submitted false evidence shortly thereafter. Thus, the Court finds that Plaintiff's claims against the state Defendants, which accrued at the same time as against the federal Defendants, are time-barred.

*2. Heck bar*

In their motion, Defendants Payne and Wilson also argue, among other things, that Plaintiff's suit against them is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because the issues upon which Plaintiff bases his § 1983 action were litigated in federal criminal case No. 3:08-CR-19-S, in which Plaintiff pleaded guilty to the charge of possession of a firearm by a convicted felon. Defendants state that the *Heck* bar applies because although that conviction is on appeal, it has not been reversed, set aside, vacated or otherwise invalidated.

The Court takes judicial notice that the criminal complaint against Plaintiff in that action, *United States v. Dean*, Criminal Action No. 3:08-CR-19-S, alleged that on January 9, 2008, Plaintiff had committed the crime of being a felon in possession of a firearm. The plea agreement in that federal criminal case stated in pertinent part: "The parties agree to the following factual basis for this plea: On or about January 9, 2008, Louisville Metro Police detectives and agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives stopped a vehicle Dean was driving. Dean got out of the vehicle and ran from the officers and agents. As he was running, he threw down a [firearm which had traveled in interstate commerce and at the

4

time Plaintiff had been convicted of a crime punishable by more than one year in prison]."

The *Heck* Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87 (footnote omitted).

Thus, whether or not a state court case against Plaintiff was dismissed, as Plaintiff claims in his complaint, the federal conviction of him arising out of the incidents at issue has not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by an issuance of a writ of habeas corpus. Therefore, in addition to his claims being time-barred, Plaintiff's complaint fails to state a claim for which relief may be granted against Defendants Payne and Wilson because his action is not cognizable under *Heck*.

For the foregoing reasons, by separate Order, the Court will grant Defendants' motion to dismiss.

Date:


cc:     Plaintiff, *pro se*
        Counsel of record
4411.009

5